CLAY, Circuit Judge,
concurring.
I agree with my colleagues that Defendant’s sentence must be affirmed, and I concur fully in the Court’s opinion. I write separately to highlight several remarks made by the district court at Defendant’s sentencing hearing that may have created confusion, and explain how those remarks unnecessarily complicated our review in this appeal.
At the sentencing hearing, counsel for the government attempted to respond to Defendant’s argument that he should re *280 ceive a downward departure so that there would not be an unwarranted disparity between his sentence and the sentence received by his co-defendant. After the prosecutor finished speaking, the district court accused the government of manipulating the calculation of Defendant’s sentencing guidelines range, leading to the following exchange:
MR. STELLA: We don’t manipulate, Your Honor.
THE COURT: Well, you run the guidelines up. You ask me for 5Kls.
MR. STELLA: Well, that’s not a manipulation of the guidelines with all due respect, Your Honor. That is rewarding someone who has recognized a responsibility and is willing to stand up and help us convict another person.
THE COURT: It is. It is. It is.
MR. STELLA: Yes, it is.
THE COURT: But in fact it drives the ultimate sentence because we all know what happens.
MR. STELLA: That’s the Court’s choice under 3558. They’re nonbinding guidelines, Your Honor.
THE COURT: No, it's [sic] not.
MR. STELLA: I don’t want to argue with the Court, but—
THE COURT: Well, I respectfully disagree with you. All you have to do is start looking at some of these Court of Appeals decisions that are coming down. They’re coming down very strictly on guidelines and very strictly on whether or not courts grant government’s motions, and the judge better grant the motion and the judge better stay somewhere near the guidelines. Isn’t that the message that we’re getting now?
(R. 45, Sentencing Tr., at 23-26 (emphasis added).)
Defendant argues that this exchange shows that the district court treated the sentencing guidelines as de facto mandatory in violation of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and its progeny. However, viewing the transcript in its entirety, I agree with the majority that the district court was likely just indicating “its belief that this court too frequently reverses sentences which deviate from the guidelines.” Maj. Op. at 278. The district court thoroughly considered the nature and circumstances of Defendant’s crime, as well as his history and characteristics, and nothing in the transcript clearly demonstrates that the district court failed to appreciate the extent of its sentencing discretion.
Nevertheless, some of the district court’s comments create an unnecessary distraction, and muddy the transcript for appellate review. As an appellate court confined to reviewing a cold transcript, it is often difficult for us to discern whether a district court is speaking tongue-in-cheek, or has legitimately misapplied the law when it makes comments suggesting that the guidelines are de facto mandatory. Federal appellate courts have vacated sentences for comments not considerably different than those uttered by the district court here, despite the remote likelihood that any district judge still believes that the guidelines are literally mandatory twelve years after Booker. See, e.g., United States v. Highgate, 521 F.3d 590, 596 (6th Cir. 2008); United States v. Martinovich, 810 F.3d 232, 243-44 (4th Cir. 2016).
The district court may well have been correct that this Court is often too willing to find an abuse of discretion when reviewing federal sentences. However, district courts must remember that Booker is still binding law, and no decision or decisions of *281 this Court have held or implied that district courts must necessarily “stay somewhere near the guidelines.” It is better for all concerned if district courts stick to considering the § 3553(a) factors and other relevant indicia in conducting sentencing hearings, and resist the temptation to editorialize about the perceived implications of this Court’s sentencing case law.